UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRAD ALEN MATHIS-MATHEWS,<br><br>Plaintiff,<br><br>v.<br><br>WHITE HOUSE and FED REG,<br><br>Defendants. | No. 2:22-cv-01071 TLN AC PS<br><br><u>ORDER AND FINDINGS AND RECOMMENDATIONS</u> |

Plaintiff is proceeding in this action pro se. This matter was referred to the undersigned by E.D. Cal. R. 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. <u>See</u> 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

I. SCREENING

A determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P."). Under the Federal Rules of Civil Procedure, the complaint

1

must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See

Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

## II.  THE COMPLAINT

The putative complaint is difficult to understand, both because the content is confusing and because plaintiff's handwriting is difficult to decipher.  In his 338-page complaint, plaintiff used both a regular civil complaint form and a form intended for habeas corpus petitions, though plaintiff does not appear to be incarcerated.  ECF No. 1 at 1-12.  Plaintiff checked the boxes for both federal question and diversity jurisdiction, but when asked to identify federal laws at issue, plaintiff wrote "NA."  Id. at 3-3.  When asked to provide a statement of the claim, plaintiff wrote "This is an intitlement No Need."  Id. at 5.  When asked to identify relief sought, plaintiff wrote "This is fathi based we may loes But we will not lose will [unintelligible] Do The Best you Can."  Id. at 6.

Plaintiff attached a "demand for payment and notice of warehouseman's lien sale," indicating that plaintiff owed $3,390.56 for storage charges related to a mobile home.  Id. at 13.  Also attached is a printout of the congressional record from session on May 11, 2020.  Id. at 16-41.  The only identifiable vote that occurred during this session was the vote on the nomination of a new Deputy Secretary of Housing and Urban Development.  Id. at 23.  Also attached is a list of academic research papers from finance, math, and economic journals with no apparently common topic thread.  Id. at 258-61.  Starting at page 291, plaintiff provides the title page for a House of Representatives conference report regarding the "National Defense Authorization act for Fiscal Year 20202" dated December 9, 2019, and a table of contents.  Id. at 291-97.  At page 314, there is a printout with medical information about the C7 vertebra Id. at 314-16.  Finally, there is a printout from what is apparently a customer service chat screen.  Id. at 318.  The remainder of the attachments are hundreds of pages of garbled computer code.

## III.  ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant.  The court finds that the complaint consists entirely of fanciful and delusional content with no identifiable claims, no basis in law, and no plausible supporting facts.  See ECF No. 1.

Because the complaint clearly contains no basis in law or fact, it fails to state a claim upon which relief can be granted. The undersigned will therefore recommend that the complaint be dismissed with prejudice.

## IV. NO LEAVE TO AMEND

If the court finds that a complaint or claim should be dismissed for failure to state a claim, the court has discretion to dismiss with or without leave to amend. Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc); Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (citing Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)). However, if, after careful consideration, it is clear that a claim cannot be cured by amendment, the court may dismiss without leave to amend. Cato, 70 F.3d at 1105-06.

The undersigned finds that, as set forth above, plaintiff's complaint is frivolous and fails to state a claim. The contents of the complaint are unintelligible, and support a conclusion that leave to amend in this case would not be fruitful. "A district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).

## V. PRO SE PLAITNIFF'S SUMMARY

It is being recommended that your complaint be dismissed without leave to amend, because it fails to state a claim for relief and there is no reason to think that it could be amended to present a claim for relief.

## VI. CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: June 27, 2022

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE